# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONDON SQUARE OF SKIATOOK, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE TOWN OF SKIATOOK, OKLAHOMA, ) <br> an Oklahoma municipal corporation; and ) <br> THE SKIATOOK PUBLIC WORKS ) <br> AUTHORITY, an Oklahoma public trust, ) <br> ) <br> Defendants. | Case No. 07-CV-593-GKF-PJC |

## OPINION AND ORDER

This matter comes before the Court on the Motion for Remand [Document No. 10] filed by plaintiff London Square of Skiatook, L.L.C. (London Square).

On September 8, 2005, London Square filed a state court "Petition for Writ of Mandamus or Alternatively Mandatory Injunction" against defendants Town of Skiatook, Oklahoma, an Oklahoma Municipal Corporation and the Skiatook Public Works Authority, an Oklahoma Public Trust. On May 15, 2006, the state court granted plaintiff's application for leave to file an amended petition. One year and four months later, on September 14, 2007, London Square filed an Amended Petition, in which it alleged for the first time, in Paragraph 7:

> [T]he Defendants have heretofore provided electric utility services to others similarly situated to the Plaintiff, yet denying it to the Plaintiff. That the Defendants' denial of provision of electric service to the Plaintiff is in contravention of the Fourteenth Amendment to the United States Constitution, U.S. Const., Amend XVI as well as provisions of State of Oklahoma constitutional, statutory and decisional law.

Defendants removed the case to this Court within thirty days after receipt of the Amended Petition. Defendants contend this Court has jurisdiction over federal questions raised in the amended petition,

pursuant to 28 U.S.C. § 1331.  Section 1446(b) of Title 28 of the United States Code provides, in pertinent part

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

London Square first suggests that defendants premised removal on a federal defense rather than a federal claim.  Upon review of the Notice of Removal, it is clear that defendants did not premise removal upon a federal defense.

London Square argues that the federal question is not disclosed upon the face of the complaint.  In deciding whether a suit arises under federal law, a court is guided generally by the "well-pleaded complaint rule," which requires that the federal question giving rise to jurisdiction must appear on the face of the complaint. *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).  Because the language of Paragraph 7, above, raises a claim under the Constitution of the United States, this Court concludes that a federal question is disclosed on the face of the amended petition.

London Square contends that both defendants did not properly join in the removal petition in order to effectuate removal.  Citing *Smith v. Union National Life Ins. Co.*, 187 F. Supp. 2d 635 (S.D. Miss 2001), London Square argues that one attorney cannot bind another defendant for purposes of unanimity in removal.  Here, however, both defendants joined in the Notice of Removal, and both defendants are represented by a single set of attorneys.

Finally, citing 28 U.S.C. § 1367, London Square argues that this Court should decline jurisdiction because the state claims predominate.  Section 1367 provides that federal courts have

supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Subsection (c)(2) provides that a district court may decline to exercise supplemental jurisdiction over a state law claims if it substantially predominates over the claim or claims over which the district court has original jurisdiction. London Square offers no factual or legal argument in support of its contention that state law claims predominate over its federal claim. Moreover, even if London Square were to persuade this Court to decline supplemental jurisdiction over the state law claims, the Court would retain jurisdiction over London Square's Fourteenth Amendment claim.

**WHEREFORE**, the Motion for Remand [Document No. 10] filed by plaintiff London Square of Skiatook, L.L.C. is denied.

**IT IS SO ORDERED** this 23rd day of May 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma